CARROLL, DONALD K., Chief Judge.
In an action for a real estate broker’s commission, the plaintiff has appealed from an order of the Circuit Court for Volusia County dismissing with prejudice his third amended complaint.
As in like cases involving a motion to dismiss a complaint, both trial courts and appellate courts are confined in their consideration to the allegations contained within the four corners of the subject complaint, and hence a detailed analysis of the complaint in question is in order here.
The third amended complaint in the present case is in four counts, the first three being against the four members of a partnership doing business as Buckeye Dairy, and the fourth count is against one of the said partners, Raymond Beville, individually, who is alleged to have executed the listing agreement in question. The first and second counts are similar except that in *784 the first count the plaintiff alleges that the mentioned defendant had actual authority to execute the agreement on behalf of all the partners, while in the second count it is alleged that the said defendant had apparent authority.
In the first and second counts of his complaint the plaintiff alleges that during the six months period specified in the listing agreement the plaintiff on or about November 7, 1957, procured a purchaser ready, willing, and able to purchase the said business of the defendants for the sum of $80,-000 on terms and conditions agreeable to the defendants and that the defendants entered into a contract with the said purchaser for the sale of the business, with a certain exception which was agreeable to the purchaser; and that thereafter the defendants “without any fault on the part of the plaintiff or the said purchasers, and being unable to perform under the terms of said agreement, attempted to modify same which modification was unacceptable to the purchasers. That said purchasers requested a return of their deposit under the Agreement to Purchase dated November 7, 1957. That the Plaintiff with the consent and knowledge of the Defendants, returned said deposit to the said purchasers and the said purchasers,, for a valuable consideration, relieved the Defendants from any obligation or liability under said contract.” The plaintiff then claims that he is entitled to commissions at the rate of 10% upon the purchase price of the said business and property, amounting to $8,000, no part of which has been paid, although payment thereof has been duly demanded.
Analyzing the terms of the listing agreement, the contents of which are alleged as a part of the third amended complaint, we are of the opinion that the plaintiff in his first and second counts has alleged sufficiently his entitlement to the 10% commission provided for in the said agreement. The plaintiff not only alleges that during the existence of the listing agreement he procured a purchaser ready, willing, and able to purchase the property on terms and conditions agreeable to the defendants, but the plaintiff further alleges that the defendants actually entered into an agreement with the said purchaser for the sale of the property. The mere fact that afterwards the defendants attempted to modify the sales agreement in a way that proved unacceptable to the purchaser, cannot relieve the defendants of liability to pay a commission to the plaintiff pursuant to the said listing agreement, even though the actual sale of the property to the purchaser procured by the plaintiff was not consummated. The only theory that would lead to a different conclusion would be a construction of the listing agreement that the plaintiff could not recover a commission unless he procures a “purchaser” (defining “purchaser” in the strictest possible sense of “one who actually and in fact does make the purchase.”) Our construction of the listing agreement is to the contrary — that under it the plaintiff is entitled to a commission at the time he procures a purchaser who is ready, willing, and able to purchase the property on terms and conditions agreeable to the defendants. We think that the plaintiff has sufficiently alleged his entitlement to the commission he seeks in the first and second counts of his third amended complaint.
In the third count of his third amended complaint the plaintiff alleges that, while the exclusive listing agreement was still in existence, the defendants did sell the property to the T. G. Lee Dairy and that under the terms of the listing agreement the plaintiff was entitled to a commission on the said sale.
As mentioned above, the cause of action alleged in the fourth count is against the said Raymond Beville individually upon his representation and warranty that he signed the said agreement as co-owner of the Buckeye Dairy and that he was authorized to do so.
It should be mentioned that in an addendum clause of the third amended complaint *785 the plaintiff prays in the alternative that he recover judgment on the first cause of action, or in the alternative against the defendants on the second cause of action, or in the alternative against them on the third cause of action, or in the alternative against the defendant Raymond Beville, individually, on the fourth cause of action.
Since the present case is basically a contract action, the exact terms of the contract are the decisive factors in our consideration and determination. A critical provision in the exclusive listing agreement involved here is the following unusual special provision :
“The commission and-is to be paid whether the purchaser be secured by you or me, or by any other person, at the price and upon the terms mentioned or at any other price or terms acceptable to me; or if the property is afterwards sold within three (3) months from the termination of this agency, to a purchaser to whom it was submitted by you, or a co-operating broker during the continuance of the agency, and whose name has been disclosed to me.”
In a provision immediately preceding the quoted provision the defendants agreed to pay to the plaintiff “a commission of 10% of the sales price.”
In connection with the third count the appellees rely heavily upon the decision of the District Court of Appeal, Second District of Florida, in the case of Nicholas v. Bursley, Fla.App.1960, 119 So.2d 722, 727, quoting therefrom the following:
“Thus, an ‘exclusive agency to sell’ merely prohibits the placing of the property for sale in the hands of any other agent, but does not prohibit the sale of the property by the owner himself.
“In view of the above incidents attendant to ‘an exclusive agency to sell,’ it would seem that under the foregoing decisions of this State, an ‘exclusive right to sell’ would have to be clearly set forth in unequivocal language within the four corners of the contract in order to divest the owner of his inherent right to dispose of his own property. As long as any ambiguity exists, the courts appear to favor an interpretation that will protect the owner. In most situations and, as was true in the instant case, the broker is the drafter of the contract. Consequently, it is a general rule that a contract will be construed against the party who drew it or chose the language and any ambiguity will be construed strongly against the party making use of such language. 7 Fla.Jur. Contracts, Sec. 87.”
We recognize the soundness of the general rule just quoted as applied in many circumstances, but such a rule is not applicable in the present case, where the contract sued upon specifically and unequivocally provides, as quoted earlier in this opinion, that the commission is to be paid “whether the purchaser be secured by you or me, or by any other person. * * * ” This is a contract action and the parties are bound by the terms of the agreement they entered into.
In view of the special provision of the exclusive listing agreement just referred to, we are of the opinion that under the allegations of the third count of his third amended complaint the plaintiff has alleged a cause of action against the defendants, and that the Circuit Court erred in dismissing the third count of that complaint.
As to the fourth count, alleged against one of the defendants, the cause of action therein stated is conditioned upon the plaintiff’s being entitled to a commission upon the consummated transaction alleged in the third count, as well as upon the unconsummated transaction alleged in the first two counts, and we think the plaintiff sufficiently alleges a cause of action.
*786 Our conclusion is, therefore, that each of the four counts of the plaintiff’s third amended complaint, which said counts are alleged “in the alternative”, as mentioned above, states a cause of action, and that the trial court erred in granting the motion to dismiss the said complaint. The order appealed from should be, and it is, reversed, and the cause is remanded with instructions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
STURGIS, J., and THORNAL, Associate Judge, concur.